IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Civil Action No.: 4:15-cv-04024-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Rodney Neil Myers, Jr., Kenneth McKenzie, | |
| Defendants. | |

This matter is before the Court on the Motion for Default Judgment filed by the United States of America ("Plaintiff"). (ECF No. 22.) Rodney Neil Myers, Jr. ("Defendant") has not filed any response or opposition to Plaintiff's motion. Plaintiff instituted this action on September 28, 2015, when it filed a complaint seeking Claim and Delivery of the collateral secured by Plaintiff in exchange for two promissory notes in which Plaintiff agreed to loan Defendant $80,000. (ECF No. 1.) Defendant failed to answer or otherwise respond to the complaint. The Clerk entered Default as to the Defendant on November 18, 2015. Thereafter, on June 10, 2016, Plaintiff filed a Motion for Default Judgment. (ECF No. 22.) Defendant's response to the Motion for Default Judgment was due by June 27, 2016. Defendant has filed no response.

**BACKGROUND**

According to the record, Defendant entered two promissory notes with the United States to secure loans from the U.S. Department of Agriculture. The first promissory note

1

was signed on December 20, 2006, with a loan given in the principal amount of $60,000. The second promissory note was signed on February 21, 2007, with a loan given in the principal amount of $20,000. As security for the loans, Defendant pledged farm equipment and crops grown on Defendant Kenneth McKenzie's ("McKenzie") real property. Plaintiff perfected its security interest by filing two Financing Statements and a continuation statement on December 14, 2006, February 12, 2007, and June 23, 2011. A lien search was performed and Plaintiff's lien on the collateral is senior to any other claim.

Defendant defaulted on the promissory notes, and Plaintiff elected to accelerate the debt owed. On September 28, 2015, Plaintiff commenced this action for Claim and Delivery of the collateral and other relief. Plaintiff asserts that Defendant has failed to answer or otherwise respond to the complaint. Plaintiff premises its Motion for Default Judgment on this failure.

**LEGAL STANDARD**

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits . . . , trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." *Id.* (citations omitted).

## DISCUSSION

Plaintiff filed its complaint on September 28, 2015. The complaint alleges, and the record supports, that as of that date, Defendant is indebted to the Plaintiff in the amount of $51,143.98, with interest continuing to accrue at the rate of $5.3178 per diem. Over a year has passed since then, and over six months have passed since Plaintiff filed its Motion for Default Judgment. Defendant has had ample time to answer or otherwise respond in this matter. Thus, after careful consideration, the Court concludes that Plaintiff's Motion for Default Judgment should be granted.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Default Judgment (ECF No. 22) is GRANTED. Plaintiff is therefore awarded $51,143.98 plus interest accruing from September 28, 2015, at the rate of $5.3178 per diem.[1] In addition, per the terms of the promissory notes, Plaintiff is entitled to the payment of collection costs including reasonable attorneys' fees.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
January 27, 2017

---

[1] This includes post-judgment interest.