IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Civil Action No.: 4:15-cv-04024-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Rodney Neil Myers, Jr., Kenneth McKenzie, | |
| Defendants. | |

This matter is before the Court on the Motion for Summary Judgment filed by the United States of America ("Plaintiff"). (ECF No. 23.) For the reasons set forth in this order, Plaintiff's motion is denied.

## BACKGROUND

This dispute arises out of three security agreements executed on December 20, 2006, February 21, 2007, and December 19, 2007. Defendant Rodney Neil Myers, Jr. ("Myers") signed these agreements as security for two promissory notes he executed with Plaintiff, acting through the United States Department of Agriculture ("USDA"). The first promissory note was signed on December 20, 2006, with a loan given in the principal amount of $60,000. Myers also signed a security agreement on the same day, in which he agreed to use the following assets as collateral: one bed shaper, one bush hog (3 pt. hitch), one tobacco setter, one tobacco sprayer (pull type), one tobacco stripper, one New Holland tractor #264000M, one MF tractor, and one MF tractor (2wd,

1

with canopy) #B07305, as well as interest in certain crops grown on McKenzie's acreage located in Williamsburg County, South Carolina.

The second promissory note was signed on February 21, 2007, with a loan given in the principal amount of $20,000. On this same day, Myers signed a security agreement in which he agreed to use the same above-listed assets as collateral, and also agreed to use any and all crops grown on McKenzie's acreage as collateral. On December 19, 2007, Plaintiff and Myers rescheduled the February 21, 2007 promissory note. They executed another security agreement that same day. The agreement establishes as collateral one bed shaper, one bush hog (3 pt. hitch), one New Holland tractor #264000M, and any and all crops grown on McKenzie's acreage. The agreement also notes that the other above-listed assets were sold in October 2008.

Plaintiff perfected its security interest by the filing of two financing statements and one continuation statement, which were recorded with the Office of the Secretary of State of South Carolina on December 14, 2006, February 12, 2007, and June 23, 2011. Notably, McKenzie did not sign any of the promissory notes, security agreements, or financing statements—only Myers.

Myers defaulted on the promissory notes, and Plaintiff elected to accelerate the debt owed. Plaintiff sent Myers three written notices of right to cure the delinquent loan balance on January 12, 2012, May 30, 2012, and June 5, 2012. On September 28, 2015, Plaintiff commenced this action for Claim and Delivery of the collateral and other relief. Myers failed to answer or otherwise respond to the complaint, and Plaintiff moved for default judgment against him, which the Court granted. (ECF Nos. 22; 27.)

Plaintiff also moved for summary judgment against McKenzie to collect on the collateral. (ECF No. 23.) Attached to Plaintiff's motion is an affidavit from Vince Pace ("Pace"), a Farm Loan Officer for the USDA, averring that he met with Myers and McKenzie twice in 2006 and that McKenzie understood that his property served as collateral for Myers' loans. (ECF No. 23-10.) McKenzie responded to the motion, attaching his own affidavit averring that he met with Pace only once and that he did not give Myers permission to use his equipment as collateral for the loans. (ECF Nos. 24; 24-2.) This motion has been fully briefed and is ripe for the Court's review.

## LEGAL STANDARD

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the party moving for summary judgment carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the

facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## DISCUSSION

"A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral." S.C. Code § 36-9-203(a). A "debtor" means, among other things, "a person having an interest, other than a security interest or other lien, in the collateral." S.C. Code § 36-9-102(a)(28)(A). A security interest is enforceable against the debtor and third parties with respect to the collateral when: (1) value has been given; (2) the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and (3) the debtor has authenticated a security agreement that provides a description of the collateral. S.C. Code § 36-9-203(b).

Plaintiff, recognizing that McKenzie did not sign any of the promissory notes, security agreements, or financing statements, argues that Myers' pledge of McKenzie's equipment as collateral was nevertheless binding. Plaintiff first argues that McKenzie "was aware" of Myers' execution of the promissory notes and security agreements, citing Pace's affidavit. (ECF No. 23-1 at 3–4.) Plaintiff appears to assert that this awareness is sufficient to establish its security interest in the equipment.[1]

---

[1] To argue that such awareness or consent is sufficient to create a security interest, Plaintiff cites, *Theodore v. Mozie*, 95 S.E.2d 173 (1956). In *Theodore*, the Court found that where a woman executed a mortgage to enable her husband to obtain a loan, her consent established binding consideration even though only the husband received the proceeds of the loan. 95 S.E.2d at 176. Consent in that case was established through a signed mortgage. Here, there is no similar evidence of consent, and *Theodore* is therefore inapplicable.

4

Pace's affidavit indicates that McKenzie did in fact consent to the use of his equipment as collateral. Pace avers that he first met with Myers and McKenzie in November 2006 to discuss a loan Myers wanted to obtain from the Farm Service Agency ("FSA"). (ECF No. 23-10 ¶ 2.) In this meeting, McKenzie stated that he gifted a New Holland tractor to Myers and agreed to allow Myers to use the tractor as collateral for the loan. (*Id.* ¶ 3.) Pace further avers that he met with the men again on December 20, 2006, at which time Myers executed a promissory note as well as a security agreement establishing that McKenzie's equipment would serve as collateral. (*Id.* ¶ 4.) According to Pace, he "made annual chattel inspections of the secured equipment at McKenzie's farm." (*Id.* ¶ 7.) Pace states that when "Myers sold the tobacco setter, tobacco sprayer, tobacco stripper, and two MF tractors[,]. . . . McKenzie paid FSA the appraised value of the equipment from the proceeds of the sale." (*Id.* ¶¶ 8, 9.)

McKenzie, however, denies many of the statements made in Pace's affidavit. His own affidavit presents a starkly different account of events. McKenzie avers that he only met Pace with Myers once in November 2006, where they discussed Myers' application for a loan from the FSA. (ECF No. 24-2 ¶ 2.) According to McKenzie, in that meeting he told Pace that "Myers could use my equipment to farm with, and that he could use my land to grow the crops, but I never gave permission for the equipment that I owned to be used as collateral for Myers loan. It was my understanding that the crops that he would grow would be the security for the loan." (*Id.* ¶ 4.) McKenzie acknowledges the promissory note for $60,000, but claims he never knew Myers later signed another promissory note for $20,000. (*Id.* ¶ 5.) He avers that "Myers only farmed the 2007 year,

and [he] was under the impression that FSA had been paid." (*Id.* ¶ 10.) McKenzie claims that he "never received any bills or notices that [his] equipment had any liens on it." (*Id.* ¶ 11.) According to McKenzie, he "sold the equipment at various farm sales beginning in 2009, and, by 2012, [he] was totally out of farming." (*Id.*) Given these conflicting affidavits, the Court cannot find, as a matter of law, that McKenzie expressly allowed Myers' to pledge his equipment to secure two promissory loans. Disputes over material facts remain, and those disputes are genuine.

Plaintiff also briefly argues that it has an enforceable security interest in the collateral because Myers is a debtor that has rights in the collateral. Specifically, Plaintiff cites McKenzie's admission in his opposition brief that he and Myers had an agreement "that Myers could physically use the equipment of McKenzie to farm with."[2] (ECF No. 24-1 at 2.) According to Plaintiff, this admission establishes that Myers "had control, and thereby, an interest, in the collateral." (ECF No. 25 at 2.) Plaintiff provides no authority for finding that control under these facts equals "interest" as used in the definition of debtor in S.C. Code § 36-9-102(a)(28)(A). Without any accompanying argument or supporting authority, the Court cannot grant Plaintiff summary judgment on this basis.

In short, the Court cannot grant summary judgment on the facts presented in the briefs and denies Plaintiff's motion.[3]

---

[2] In his brief, McKenzie states, "It was the agreement that Myers could physically use the equipment of McKenzie to farm with, but he would have no ownership." (ECF No. 24-1 at 2.)

[3] McKenzie's brief notes that "McKenzie has additionally raised the Defense of the Statute of Limitations in his Answer." (ECF No. 24-1.) However, he says nothing more on this issue, and the Answer provides no argument as to why the claims are time barred. Plaintiff contends that it has filed any necessary continuation statements and the Court has no reason to doubt this assertion. (ECF No. 25 at 3.)

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 23) is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
January 31, 2017